Kottmyer, J.
The plaintiff, R.E. Moulton, Inc. (“Moulton”), filed this action against its former employee, Michael Lee, seeking to enforce provisions in an employment agreement. Lee resigned on November 18,2003, and shortly thereafter accepted employment with HCC Benefits Corporation (“HCCB”). Moulton and HCCB are in the insurance business; both provide “stop loss coverage,” i.e., medical catastrophic coverage, to partially self-insured entities. Bids to provide such coverage are submitted to brokers, producers and third-party administrators who seek quotes from companies like Moulton and HCCB.
Moulton has filed a motion for a preliminary injunction seeking an order prohibiting Lee from using or disclosing confidential information, soliciting its employees, and from violating clauses prohibiting Lee from working for a competitor for a period of twelve months following termination of his employment or soliciting business from any customer or account of Moulton for a period of twenty-four months. After hearing and after consideration of the Verified Complaint, motion, opposition and affidavits submitted in connection therein, the motion for a preliminary injunction is denied for the following reasons.
*158 A.Solicitation of Employees
Moulton argues that Lee violated the non-solicitation clause by inducing its employee Sue Denis to work for HCCB. The record before the Court, including the affidavit of HCCB’s Chief Executive Officer, establishes that HCCB’s solicitation of Denis was through a recruiter and predated any contact between it and Lee.
B.Non-Compete Clause
The agreement on which Moulton relies was executed by Lee in 1997 when he held the position of Director of Underwriting. Consideration for the agreement included “the Company’s designation of [Lee] as a participant in the R.E. Moulton, Inc. Third Amended and Restated Bonus Plan for Designated Key Employers” (“the Bonus Plan”). The agreement also recites that it was “in recognition of the fact that as a management level employee of the Company,” Lee had access to confidential information.
In 1998, more than five years before he resigned, Lee’s position changed from Director of Underwriting to Regional Sales Director with responsibility for a specified geographical area. Lee was no longer a “management level employee” as described in the agreement. As Regional Sales Director, he received commissions on sales, but did not participate in the Bonus Program. Moulton did not amend the agreement when Lee changed positions and did not otherwise notify Lee that he was still subject to the non-compete clause. Moulton did not require other sales personnel to sign non-compete agreements. See also AFC Cable Systems, Inc. v. Clisham, 62 F.Sup.2d 167 (D.Mass. 1999) (material changes in terms and conditions of employment, coupled with repeated efforts to have employee sign a new non-compete, made clear employee entered into new employment relationship with employer voiding non-compete agreement). In October 2003, Moulton was sold to One America Financial. Although certain managers were asked to sign new employment agreements, Lee was not.
C.Confidential Information
Plaintiff alleges that Lee obtained business of HCCB from four policyholders who previously had accounts with it. Lee was not responsible for HCCB’s successful bid on one of the four; HCCB had previously submitted bids to the other three. Based on the record before the Court, the plaintiff has not shown that Lee used confidential Moulton information in soliciting bids on behalf of HCCB.[1] Should discovery yield evidence that Lee has used or is using such information on behalf of HCCB, e.g, pricing information, Moulton may seek reconsideration of this ruling.
CONCLUSION
For the foregoing reasons, plaintiff R.E. Moulton, Inc.’s Motion for Preliminary Injunction is DENIED.

Among other things, providers who receive bids from Moulton are free to disclose the terms of Moulton’s bid to competing companies.